IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARK V. REEDER,

    Plaintiff,

v.                               No. 1:17-cv-01234-JDB-cgc

CAROL HOWARD ENGLAND,
*et al.,*

    Defendants.

---

ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE
OBJECTIONS TO THE REPORT AND RECOMMENDATION, ADOPTING REPORT AND
RECOMMENDATION, AND DISMISSING CASE

---

The pro se Plaintiff, Mark V. Reeder, brought this action on December 18, 2017, against police dispatcher Carol Howard England; Tiptonville, Tennessee, Police Chief Joe England; Rance Frye, a Tiptonville police officer; the Lake County, Tennessee, Sheriff's Department ("Lake County"); and the Tiptonville Police Department ("Tiptonville"), for violation of his rights under the Fourteenth Amendment's Equal Protection Clause, pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) Specifically, Plaintiff alleged that personal property was removed from a home he owned in Tiptonville; that Frye oversaw a lock change at the property; and that Carol England did not answer when Reeder called to report a property crime at the residence. He claimed that the individual Defendants engaged in selective enforcement, conspiracy to defraud, and police misconduct, apparently by allowing nonparties to steal his property, and that the municipal Defendants are vicariously liable for their misdeeds.

In a letter to the Court filed November 30, 2018, Plaintiff suggested that Defendant Joe England had "a friend" in the United States Marshal Service, seemingly because England and the

1

marshal for this district had both worked in Dyer County, Tennessee, at one time and because a notebook belonging to Reeder went missing after he passed through the federal courthouse security checkpoint in October 2018. (D.E. 10.) A month later, he sent a letter to United States Magistrate Judge Edward G. Bryant, to whom the case was assigned at the time,[1] relating to what appeared to be his difficulties in obtaining counsel in Lexington, Tennessee. (D.E. 11.) He requested a hearing before "Senior Judge Thomas Anderson of Lexington"[2] to discuss "any bias or prejudice" prior to the issuance of any further decisions by this Court. (*Id.* at PageID 20.)

On March 13, 2019, Defendants Tiptonville, Joe England, and Frye moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 21.) The following day, Carol England and Lake County filed a similar motion. (D.E. 23.) On April 5, 2019, Reeder filed a suggestion of bankruptcy, in which he advised the Court that he had sought relief in the United States Bankruptcy Court in Jackson, Tennessee (Bankr. Case No. 19-10481), and requested a stay of this matter pending disposition of the bankruptcy case. (D.E. 25.) The stay was denied in an order entered by United States Magistrate Judge Charmiane G. Claxton[3] on May 1, 2019. (D.E. 30.) A motion filed by Plaintiff in his bankruptcy case for emergency application of the automatic stay to this lawsuit was similarly denied by United States Bankruptcy Judge Jimmy L. Croom on June 18, 2019.[4] (D.E. 35-1.)

---

[1]This case was referred to the United States Magistrate Judge by Administrative Order 2013-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-39. All pretrial matters within the magistrate judge's jurisdiction are referred in accordance with 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred under 28 U.S.C. § 636(b)(1)(B) for report and recommendation.

[2]Judge Anderson is not a senior judge; nor has he ever been assigned to this case.

[3]This matter was reassigned to Judge Claxton on March 27, 2019. (D.E. 24.)

[4]The Court notes that Plaintiff failed to appear at the hearing on his emergency motion.

After the Plaintiff failed to respond to the outstanding motions to dismiss, Judge Claxton, on May 1, 2019, directed him to show cause why she should not consider the motions on the record before her and recommend to the undersigned that they be granted. (D.E. 31.) His response, although timely filed, essentially restated his argument with respect to the bankruptcy stay. (D.E. 32.)

Judge Claxton issued a report and recommendation on July 17, 2019, recommending that the motions to dismiss be granted and that this action be dismissed with prejudice for failure to state a claim. (D.E. 33.) Plaintiff was advised therein that any objections to the report and recommendation must be filed within fourteen days after service and that failure to timely object may constitute a waiver of any objections.

On August 7, 2019, Reeder, an over-the-road truck driver, filed a document in which he stated that he "caught up with about one month's mail" at his Minnesota residence on August 3, 2019, and that he was "uninformed" about the report and recommendation until "said 'hometime' began." (D.E. 34 at PageID 116.) He also advised that he was "in the process of amending at least one schedule on his bankruptcy case." (*Id.*) Plaintiff requested until August 30, 2019, to respond to the report and recommendation, as well as the motions to dismiss.

Defendants Tiptonville, Joe England, and Frye responded to the motion the next day, objecting to the relief sought. (D.E. 35.) In addition to references to the procedural history of this matter previously outlined herein, these Defendants cited to a decision of the Bankruptcy Appellate Panel of the Sixth Circuit dated July 26, 2019, in which the panel pointed out instances of late-filings by Reeder. (*See* D.E. 35-2.) Also appended to the response was a copy of a motion for leave to appeal filed by Reeder in his bankruptcy case, in which he apparently attempted, in a long

rambling footnote, to associate Judge Croom negatively with various local politicians solely on the basis of geography.[5] (D.E. 35-1.)

The report and recommendation recommended dismissal on the grounds that the conclusory statements set forth in the complaint failed to state a claim that is plausible on its face, as is required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Based upon its review of the entirety of the record, it is the opinion of the Court that the legal conclusions set forth in the report and recommendation are sound and no amount of additional briefing will alter the outcome.[6] Accordingly, Reeder's motion for an extension of time to file objections is DENIED, the report and recommendation is ADOPTED, and this case is DISMISSED with prejudice. The Clerk is directed to prepare a judgment.

IT IS SO ORDERED this 15th day of August 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5]Specifically, he noted that Judge Croom's hometown of Greenfield, Tennessee, is a short twelve miles from the hometown of former Tennessee governor Ned R. McWherter, "the antagonist exposed" in a motion for change of venue filed by Reeder in the bankruptcy case, and twenty-four miles from the town in which former Tennessee congressman Ed Jones, for whom the old federal building in Jackson is named, lived. (*See* D.E. 35-3 at PageID 134.)

[6]Moreover, Plaintiff's history of late filings and failures to respond to motions, not to mention baseless conspiracy theories involving judges and federal law enforcement personnel, does not militate in his favor.